**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 96-4254

GREGORY A. SCROGGINS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CR-95-299-S)

Submitted: February 13, 1997

Decided: February 28, 1997

Before WIDENER and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Edwin R. Burkhardt, Jr., Baltimore, Maryland, for Appellant.
Lynne A. Battaglia, United States Attorney, Barbara S. Sale, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Gregory A. Scroggins appeals his conviction for conspiracy to engage in money laundering in violation of 18 U.S.C.§§ 371, 1956(a)(3) (1994). We affirm.

In March 1994, Scroggins met with an undercover agent of the Federal Bureau of Investigation who was posing as a Washington, D.C., drug dealer. The agent represented to Scroggins that he wanted to invest in a business through which he could launder the proceeds of narcotics trafficking. During the meetings between Scroggins and the agent, several tape recordings were made. These recorded conversations contained numerous references by Scroggins to his past narcotics trafficking activities, associations with drug dealers, and assets. The Government admitted edited versions of these tapes into evidence at trial. Scroggins asserts that the admission of this evidence was prejudicial and improper under Fed. R. Evid. 404(b) and 403.

Scroggins did not move for the exclusion of the tape recorded conversations or object to their admission into evidence under Fed. R. Evid. 404(b) or 403, so we review only for plain error. Olano v. United States, 507 U.S. 725, 734-36; United States v. Chin, 83 F.3d 87 (4th Cir. 1996).* Evidence is admissible under Rule 404(b) when it is relevant to an issue other than character, it is necessary to show an essential part of the crime, and is reliable. United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988). The record shows that the acts described on the tapes were not used solely to show bad character, but rather, to show that Scroggins was aware that the federal agent wanted to launder drug proceeds. Thus, the taped conversations were relevant and necessary to show an essential element of the crime of money laundering--knowledge. See 18 U.S.C.A. 1956(a)(3)(B). For these reasons, and because Scroggins fails to show that the probative value of his taped statements were outweighed by any prejudicial

_____

*Although Scroggins did object to the completeness of the tapes, the record reveals that the Government admitted an unedited tape as a joint exhibit.

2

effect, we find no plain error. Consequently, we affirm Scroggins' conviction.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3